IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ELIJAH LANE, Individually and on**                                    **PLAINTIFF**
**behalf of All Others Similarly Situated**


vs.                                      No. 5:20-cv-86


**URBAN AIR PARK NORTH, LLC, and**                          **DEFENDANTS**
**UATP MANAGEMENT, LLC**


## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Elijah Lane, individually and on behalf of all others similarly

situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for

his Original Complaint—Collective Action against Defendants Urban Air Park North, LLC,

and UATP Management, LLC ("Defendants"), and in support thereof does hereby state

and allege as follows:

### I.      PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiff Elijah Lane ("Plaintiff") on

behalf of himself and other hourly-paid workers of Defendants at any time within a three-

year period preceding filing of this Complaint.

2.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §

201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages,

prejudgment interest, and costs, including reasonable attorneys' fees as a result of

Defendants failure to pay Plaintiff and other hourly employees lawful overtime

compensation for all hours worked in excess of forty (40) hours per week.

3.     Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.     JURISDICTION AND VENUE

4.     The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.     The acts complained of herein were committed and had their principal effect against the named Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

6.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

7.     Plaintiff Elijah Lane is a resident and citizen of Bexar County.

8.     From approximately August of 2019 until January of 2020, Plaintiff worked for Defendants' indoor amusement center in San Antonio and was paid hourly for all hours worked.

9.     At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

10.     Defendant Urban Air Park North, LLC, is a domestic limited liability company located in San Antonio.

11.     Defendant Urban Air Park North, LLC, has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce such as computer equipment, food, and amusement supplies.

12.     At all relevant times, Defendant Urban Air Park North, LLC, continuously employed at least four (4) employees.

13.     At all relevant times, Defendant Urban Air Park North, LLC, gross volume of sales made or business done has exceeded $500,000.00 per year.

14.     Defendant Urban Air Park North, LLC, registered agent for service of process is Michele D. Hoskins, 8506 Tuscan Hills Drive, Garden Ridge, Texas 78266.

15.     Defendant UATP Management, LLC ("UATP"), is a Texas limited liability company with a principal address of 317 S Jenkins Street, Suite C, Grapevine, Texas 76051.

16.     Defendant UATP's registered agent for service of process is Stephen Polozola, 2350 Airport Freeway, Suite 505, Bedford, Texas 76022.

17.     Defendant UATP's annual gross volume of sales made or business done is not less than $500,000.00.

18.     Defendant UATP has employees engaged in interstate commerce.

19.     Separate Defendant UATP has more than four (4) employees.

20.     Upon information and belief, Defendant UATP controls or has the right to control the day-to-day operations of Defendant Urban Air Park North, LLC, such that it is liable to Plaintiff as an employer under the FLSA.

21.     The nature of the claim in this case is fundamentally the same as in *Dey v. Conway Urban Air, et al.*, No. 4:18-cv-790-BRW (E.D. Ark.), with the common thread being UATP and its payroll policy.

22.     Defendants Urban Air Park North, LLC, and UATP constitute an integrated enterprise because Defendants' related activities of jointly owning and operating Urban Air indoor amusement centers are for a common purpose within the meaning of the FLSA, 29 U.S.C. § 203(r).

23.     Defendants Urban Air Park North, LLC, and UATP acted jointly as the employer of Plaintiff and the proposed collective and class members and have been engaged in interstate commerce as that term is defined under the FLSA at all times relevant to this lawsuit.

## IV.  FACTUAL ALLEGATIONS

24.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

25.     UATP is a franchisor of indoor amusement parks throughout the United States.

26.     Urban Air Park North, LLC, is a franchisee of UATP

27.     UATP sets numerous standards under which its franchisees, including Urban Air Park North, LLC, must operate. These standards include appearance of facilities, hours of operation, training of employees and facility operations.

28.     UATP provides comprehensive training and operational tools to franchisees, including Urban Air Park North, LLC, to provide uniformity from franchise location to franchise location.

29.     UATP remains involved in the operations its franchisees at all times because the uniformity UATP imposes is vital to the success of UATP and the franchisees, including Urban Air Park North, LLC.

30.     UATP's involvement includes continued training, management assistance and operations guidance.

31.     UATP designed, implemented and actively manages the payroll systems and pay policies that form the basis of the violations in this case.

32.     UATP sets the terms and conditions of a key aspect of employment for Plaintiff and the collective: their pay, pay policies and systems that effectuate such policies.

33.     During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendants as an hourly-paid employee for Defendants' indoor amusement center.

34.     Plaintiff and other hourly-paid workers were paid an hourly rate by Defendants.

35.     The basic duties of Plaintiff and other hourly-paid employees included operating cash registers, assisting customers and helping with the general day-to-day operations of the amusement center.

36.     Plaintiff and other hourly-paid employees routinely worked more than forty (40) hours in a single workweek.

37.     Defendants had a practice of not paying Plaintiff and other hourly-paid employees one and one-half (1.5) times their regular rate for any hours worked in excess of forty (40) hours per workweek.

38.     Rather than pay Plaintiff and other hourly-paid employees one and one-half (1.5) times their regular rate for their hours worked in excess of forty (40) hours per workweek, Defendants simply paid its hourly employees their regular rate for all hours worked, including hours worked in excess of forty (40) per week.

39.     At all relevant times herein, Defendants have deprived Plaintiff and all others similarly situated of an overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

40.     The policies at issue that worked to deprive Plaintiff and all others similarly situated were imposed by both Defendants alike and were designed to increase the profits of both Defendants.

41.     Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and all others similarly situated violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

42.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

43.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly-paid workers who were or are employed by Defendants and who are entitled to payment for all overtime wages earned which Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

44.     Plaintiff is unable to state the exact number of the class but believes that the class membership exceeds thirty (30) persons. Defendants can readily identify the

members of the class, who are a certain portion of the current and former employees of Defendants.

45.     The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

A.     They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

B.     They were paid hourly;

C.     They recorded their time in the same manner;

D.     They were subject to Defendants' common practice of not paying a lawful overtime premium for all hours worked over forty (40) hours per work week;

46.     The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

47.     The cell phone numbers and email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via text message and/or email to their last known cell phone number and/or email address as soon as possible.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claim for Violations of FLSA)

48.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

49.     29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

50.     Defendants failed to pay Plaintiff at a rate of one and one-half times his regular rate for all hours worked over forty (40) hours per week.

51.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

52.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, and costs, including reasonable attorney's fees as provided by the FLSA.

53.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

54.     Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

55.     Plaintiff asserts this claim on behalf of all hourly-paid employees of Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative class for unpaid overtime compensation for all the hours they worked in excess of forty (40) per week.

56.     Plaintiff brings this collective action on behalf of all hourly-paid workers employed by Defendants to recover monetary damages owed by Defendants to Plaintiff

and members of the putative Class for all the overtime compensation for all the hours they worked in excess of forty (40) each week and did not get paid.

57.     Plaintiff bring this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

58.     Like Plaintiff, these hourly-paid workers regularly worked more than 40 hours in a week.

59.     29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

60.     Defendants failed to pay these workers at the proper overtime rate for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

61.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class is properly defined as follows:

**All hourly-paid employees within the past three years.**

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Elijah Lane, individually and on behalf of all others similarly situated, respectfully pray for relief and damages as follows:

(a)     That each Defendant be summoned to appear and answer herein;

(b)     That each Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c)     A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(d)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(f)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(g)     An order directing Defendants to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(h)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**ELIJAH LANE, Individually
and on behalf of Others Similarly
Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com